**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE JUAN PEREZ VEGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5892 |
| | § | |
| KRISTI NOEM, in her official capacity as | § | |
| Secretary of the Department of Homeland | § | |
| Security, *et al*., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Jose Juan Perez Vega, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Detention Facility. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Perez Vega's petition, (Docket Entry No. 1), and denies the motion for summary judgment, (Docket Entry No. 5).

As this court and other courts have articulated in numerous decisions, Perez Vega is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Perez Vega and

granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Perez Vega's position. *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at \*11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at \*9 (C.D. Cal. Nov. 25, 2025).[1] The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.[2]

The respondents must provide Perez Vega with a bond hearing under § 1226(a) by January 2, 2026, or release him. The parties are to update the court on the status of his bond hearing no later than January 5, 2026.

SIGNED on December 19, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] Because there is a certified class but no class judgment, the district court's rulings in the class action suit do not have preclusive effect in this litigation. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over." *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014). "Federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute." *Bayer*, 564 U.S. at 317. A class has been certified, Miranda Silva is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole." *Maldonado Bautista*, 2025 WL 3288403, at \*9. This court owes comity to the class-action court's rulings on the common issues. *Arellano v. Bondi*, No. 25-5454, ECF No. 13 at 4 (S.D. Tex. Dec. 9, 2025); *see also Miranda Silva v. Noem*, No. 25-5784, ECF No. 9 at 2–3 (S.D. Tex. Dec. 15, 2025) (holding that the pending class action does not preclude this court from granting individual relief consistent with the class-action rulings).

[2] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at \*3. That Perez Vega has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief. *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at \*3 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).